**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00766-WYD-MEH

KATHERINE BECKLEY, an individual and citizen of Colorado,

    Plaintiff,

v.

ANDREW A. SKARUPA, an individual and citizen of California,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

Pursuant to F.R.C.P. 26(c), on stipulation of the parties, and to protect the confidentiality of certain documents and information produced, disclosed and/or provided by the parties during the course of this lawsuit, IT IS HEREBY ORDERED:

**I.   Nondisclosure of Confidential Documents and Electronically Stored Information**

(A)   Confidential documents and electronically stored information ("ESI") the parties provide each other in this case after the submission of this fully executed Order, shall not be used, copied, or disclosed by the parties or their representatives for any purpose other than the litigation of this case or as may be necessary to ensure that the parties have proper and sufficient insurance coverage, if applicable.  Such documents and ESI may include, but are not limited to:

(1)   Financial documents and ESI, such as financial statements (audited and unaudited); income statements; loan applications or agreements; tax returns; statements; balance sheets; general journals or ledgers; and employee personnel records, including records of wage, salary, and bonus payments to employees.

(2)     Documents or ESI pertaining to a party's employment, financial status, business plans and any records, including at or of RealD, and its customer or client identities, prospective or potential customer identities, customer contracts or agreements, customer records, customer and employee surveys, marketing or advertising plans or strategies, sales plans or strategies, business plans or strategies, business surveys.

(3)     Documents or information pertaining to a party's physical, psychological or mental tests, treatment, or health.

(4)     Documents or ESI pertaining to the parties' (as applicable) children, former spouse, prior marriage, dating and relationships with others, highly personal communications between the parties, including any texts and emails, and photographs.

(5)     Documents or ESI that any party may have obtained about the other from their personal effects, correspondence, communications and computers or mobile devices that the party did not know was obtained or was taken without permission.

(B)     This Protective Order shall apply to all confidential documents, materials, and ESI, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed, after the submission of this fully executed Order, pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether obtained by traditional discovery, subpoena or other means ("Discovery Material").

(C)     As used in this Protective Order, documents and ESI is as defined and contemplated in F.R.C.P. 34(a)(1). A draft of a non-identical copy is a separate document within the meaning of this term.

## II.     **"CONFIDENTIAL" Designation**

(A)     Counsel for the parties shall designate a document or ESI confidential only after a review of the document or ESI and based on a good faith belief that the document or ESI is confidential or otherwise entitled to protection.

(B)     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

(C)     ESI produced in native format, by including in the file or directory name, or by affixing the legend CONFIDENTIAL to the media containing the Discovery Material *(e.g.,* CDROM, floppy disk, DVD, thumb drive, Drop Box or electronically transmitted file).

(C)     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript – until such time the transcript shall be treated as Confidential under this Order

(D)     Properly designated CONFIDENTIAL documents, materials, and/or ESI (collectively "CONFIDENTIAL Discovery Material") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (1)     attorneys and paralegals actively working on the case;

(2) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

(3) the parties;

(4) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(5) the Court and its employees ("Court Personnel");

(6) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(7) deponents, witnesses, or potential witnesses; or

(8) other persons only by written consent of the party producing the CONFIDENTIAL information, or by Order of the Court.

(E) Prior to disclosing any CONFIDENTIAL Discovery Material to any person listed above (other than the parties, including the designated representatives for the entity defendants, counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement, in the form annexed hereto as **EXHIBIT** "A", stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

### III.  Objections to "CONFIDENTIAL" Designation

(A) A party may object to the designation of particular CONFIDENTIAL Discovery Material by giving written notice to the party designating the disputed information. The written notice

shall identify the CONFIDENTIAL Discovery Material to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the CONFIDENTIAL Discovery Material shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

(B)     Should either of the parties desire to offer into evidence or submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, to challenge the identification of material entitled to confidential treatment, or otherwise), any such documents or information shall be filed under seal with the Court.

### IV.     **Non-Termination of Order**

The provisions of this Protective Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, all CONFIDENTIAL Discovery Material and all copies of same (other than exhibits or records) shall be returned to the party who produced such documents or, at the option of the producer, destroyed. Where the parties agree that documents may be destroyed, the party destroying documents shall provide all parties with an affidavit confirming the destruction.

### V. **Admissibility of Evidence**

Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

### VI. **Modification of Order**

This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 7th day of October, 2015.

BY THE COURT:

*[signature: Michael E. Hegarty]*

Michael E. Hegarty
United States Magistrate Judge

*Approved as to form and content:*

| /s/ Tyler J. Voboril /s/ | /s/ Michele Nelson Bass /s/ |
|---|---|
| Reynolds, Kalamaya & Voboril, LLC | THE MATTHEW C. FERGUSON LAW FIRM, P.C. |
| Tyler J. Voboril, #39735 | Michele N. Bass, #26988 |
| P.O. Box 1663 | 119 South Spring Street, Suite 201 |
| Edwards, Colorado 81632 | Aspen, Colorado 81611 |
| Telephone: (970) 306-6456 | Telephone: (970) 925-6288 |
| Facsimile: (970) 236-1246 | Facsimile: (970) 925-2273 |
| E-mail: tj@rkvlaw.com | E-mail: michele@matthewfergusonlaw.com |
| **Attorney for Plaintiff Katherine Beckley** | **Attorney for Defendant Andrew A. Skarupa** |