IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0766-WYD-MEH

KATHERINE BECKLEY,

    Plaintiff,

v.

ANDREW A. SKARUPA,

    Defendant.
_____

**ORDER ON MOTION TO DISMISS**
_____

I.    INTRODUCTION & BACKGROUND

    This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 16), filed on June 16, 2015.  The matter is fully briefed. By way of background, Plaintiff and Defendant were in an amorous relationship while Plaintiff lived in Colorado and Defendant lived in California.  The time span of the relationship is unknown, as neither party indicated any dates in any of the pleadings. Plaintiff claims that in the course of the relationship, Defendant allegedly made several promises to Plaintiff in exchange for Plaintiff's agreement to "move to California and start a life together there with the anticipation of becoming married."  Am. Compl., ¶ 6. Among the promises Defendant allegedly made were: 1) to fully provide for Plaintiff's financial needs; 2) to cover Plaintiff's moving expenses; 3) to pay for a storage unit; 4) to buy Plaintiff a car; 5) to pay for travel expenses between Colorado and California; 6) to pay for Plaintiff's healthcare, including insurance premiums; 7) to pay for the cost to remodel Plaintiff's home in Aspen, Colorado; 8) to pay for the cost of custom work on an

engagement ring; 9) and to place Plaintiff's jewelry in a safe deposit box in California (collectively "the Promises"). *Id.* at ¶¶ 7, 11, 14, 21, 25.   Plaintiff alleges that Defendant failed to keep any of the Promises.   Further, Plaintiff asserts that Defendant's infidelity in their relationship caused her "severe stress, anxiety, depression, heartache, grief, and other emotional distress" and "certain bacterial infections" which required "psychological and physical medical treatment."   *Id.* at ¶¶ 29-30.   Defendant argues that Plaintiff's claims fail because they are "unenforceable claims for breach of promise to marry and seduction," which were abolished by Colorado's heart balm statute, and because they fail to meet basic pleading requirements.   Def.'s Motion, ECF No. 16, p. 1.

II.   STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Although this standard does not require detailed factual allegations, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 678 (2007).   Further, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).   A motion to dismiss can be granted if a complaint fails to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   In order for a complaint to survive a motion to dismiss, it must contain "sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Id.*, citing *Twombly*, 550 U.S. at 570. Facial plausibility is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and indeed, when a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*, citing *Twombly*, 550 U.S. at 557 (some quotations omitted).   If the facts do not permit a court to infer more than the mere possibility of misconduct, "the complaint has alleged – but it has not 'show[n]'- 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679, citing Fed. R. Civ. Pro. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.   A "plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."   *Deatley v. Allard*, 2015 WL 134271, at *2 (D. Colo. Jan. 9, 2015), citing *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007).

      Plaintiff asserts eight causes of action against Defendant including 1) breach of contract; 2) promissory estoppel; 3) unjust enrichment; 4) intentional misrepresentation; 5) negligent misrepresentation; 6) fraudulent concealment; 7) intentional infliction of

emotional distress; and 8) negligent infliction of emotional distress. She seeks actual, special, consequential, and restitutionary damages, attorney's fees, interest, costs, and expert witness fees.

III.    ANALYSIS

Plaintiffs in Colorado used to have the ability to file suits for breach of promise to marry, alienation of affections, criminal conversation, and seduction. However, in 1937, the Colorado Legislature abolished those causes of action with the enactment of C.R.S. § 13-20-202 (the "heart balm statute"). The Colorado Legislature noted in subsection 201 that the public policy reason for abolishing such causes of action was because the remedies of such actions "have been subjected to grave abuses, caused extreme annoyance, embarrassment, humiliation, and pecuniary damage to many persons." The statute only precludes those causes of actions specifically listed. *See Destefano v. Grabrian,* 763 P.2d 275, 282 (Colo.1988). It was further noted that the statute should not be applied further "than to bar actions for damages suffered from loss of marriage, humiliation, and other direct consequences" of the breach, alienation, criminal conversation or seduction, and "should not affect the rights and duties determinable by common law principles." *Lindeman v. Corp. of the President of the Church of Jesus Christ Latter-Day Saints*, 43 F. Supp. 3d 1197, 1207 (D. Colo. 2014), citing *In re Marriage of Heinzman,* 579 P.2d 638, 640 (Colo. App. 1977). Although cases implicating this statute normally involve a husband or wife suing a third party for engaging in an extramarital affair with his or her spouse, courts have applied the statute when alienation

- 4 -

or breach of promise to marry claims are disguised as common law causes of action.

Defendant relies on the heart balm statute to support his argument that all of Plaintiff's claims fail because they arise out of a broken relationship, and are based on the breach of a promise to marry and/or seduction.   He argues that although Plaintiff does not state her claims of action as stemming from the breach of a promise to marry and/or seduction, her claims are only disguised as common law causes of action, and are in fact, based on claims that have been abolished in this state.   See Def.'s Motion, ECF No. 16, p. 1.   Plaintiff argues that the alleged promises made by Defendant, "although made in the course of the parties' relationship, were independent of [Defendant's] potential marriage to [Plaintiff]."   Pl.'s Response, ECF No. 17, p. 8.

### A.  Claim One – Breach of Contract

Plaintiff alleges that Defendant breached the Promises made to her, and therefore Defendant is liable for breach of contract.   Plaintiff claims that she provided consideration for all of the Promises in the form of "foregoing her life and home, uprooting her life, moving to California, and beginning a new life as the fiancé of Defendant with the expectation of becoming married."   Am. Compl., ¶ 33.   However, Plaintiff produces no written contract that was allegedly breached, nor does she provide any specificity with regard to the terms of such a contract, dates that the contract was entered into, or mutual assent to definite and certain propositions that would support an argument for the existence of an oral contract.   Compare with *Murray v. Crawford*, 2009 WL 1837445 (D. Colo. June 26, 2009) (relying on the existence of a signed, dated cohabitation agreement

between parties in an amorous relationship, which had specific provisions governing damages in the event of relationship termination, defendant's financial obligation to pay plaintiff 22.5% of his gross salary and commission for a period of thirty months, and the legal protection of each party's personal property). The pertinent dates of the alleged contract are critical. Since a breach of contract claim accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence," C.R.S. § 13–80–108(6), Plaintiff needed to at least allege an approximate date of breach to allow the claim to survive.

Further, Plaintiff lumps all of the alleged Promises under one breach of contract claim, even though the subject matter of the Promises varies, and the respective terms of some of the Promises would necessarily be independent from others. For example, Plaintiff offers no indication of the terms of the alleged agreement to "fully provide for the financial needs" of Plaintiff, nor does she offer an indication of terms surrounding Defendant's alleged promise to buy Plaintiff a car, or to pay for her health insurance premiums, or to finance trips between Colorado and California. Plaintiff offers no dates whatsoever in connection with any of the alleged Promises. There are no facts indicating the expected frequency of insurance premium payments, the expected time span that a storage facility would be rented, the anticipated move date to California, or the dates that the alleged agreements were breached. She alleges partial performance on the part of Defendant in the form of some payments as evidence of "the existence of certain of the agreements," but fails to allege with any specificity when such payments

were made, under what terms, or even to which of the various Promises the alleged payments applied.

There is a contract between the parties and the remodeling company for the improvements of the Colorado home; however, Plaintiff does not allege a breach of that written contract (and in fact admits that under that contract, she was obligated to the company to pay for the remodel; *see* Pl.'s Response, ECF No. 17 at p. 7).  She instead alleges, without any supporting evidence, that Defendant failed to pay her for the entire remodel as he allegedly promised to do.  As for the allegation that Defendant failed to pay for custom work on an engagement ring, Plaintiff's complaint suffers from the same lack of specificity, statement of terms, or indication of any mutual assent to such an agreement, nor does she provide a copy of any written contract for the custom ring work that might evidence an intent by the Defendant to pay for the service.  The factual allegations asserted by the Plaintiff for a claim of breach of contract are insufficient for me to be able to "determine whether they plausibly give rise to relief."   *Iqbal*, 556 U.S. at 679.

Additionally, I agree that the essence of Plaintiff's claims arises out of a broken relationship and related failed expectations.  This falls squarely within the causes of action abolished by C.R.S. § 13-20-202.  Plaintiff argues that her claims are based on her "business partnership" with Defendant.  Pl.'s Response, ECF No. 17, p. 10.  However, she presents no evidence that the parties shared anything but a personal, amorous relationship.  Plaintiff's argument that her claims are independent of the broken relationship is unavailing because the statute bars actions for the *consequences* of a

breach of a promise to marry, and this is crux of Plaintiff's arguments, whether she labeled them as such or not.

### B. Claim Two – Promissory Estoppel

Promissory estoppel offers an alternative avenue for enforcement of promises in the absence of a formal contract. *Kaiser Silverman Glob., LLC v. Word of God Fellowship, Inc.*, 2014 WL 803166, at *5 (D. Colo. Feb. 28, 2014). In Colorado, the elements of a promissory estoppel claim are: 1) the promisor made a promise to the promisee; 2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promise; 3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and 4) the promise must be enforced to prevent injustice. *Nelson v. Elway,* 908 P.2d 102, 110 (Colo. 1995). "Whether a plaintiff has justifiably relied on a defendant's promise is an issue of law for the trial court." *Marquardt v. Perry,* 200 P.3d 1126, 1129 (Colo. App. 2008).

Again, Plaintiff lumps all of the Promises under this claim for relief, without any delineation of specific terms or conditions of the Promises, and without specificity in relation to how she was reasonably induced to action or forbearance for each of the separate Promises. She alleges that Defendant "should reasonably have expected his promises to induce [Plaintiff] to take definite and substantial action," including making payments for the remodeling and the engagement ring, "entering into an amorous relationship with Defendant," "agreeing to marry Defendant," "foregoing her existing life and home, uprooting her life, and moving to California," and "entering into a position to be

- 8 -

financially responsible for certain obligations that were supposed to have been met and paid by Defendant." Am. Compl., ¶¶ 40-41. The Plaintiff has not provided enough facts for me to determine when the Promises were made, or what specific facts transpired that would have reasonably induced Plaintiff to her detriment. She alleges that "[i]njustice can only be avoided by enforcing Defendant's promises delineated above," without any further factual support. The factual allegations asserted by the Plaintiff for a claim of promissory estoppel are insufficient for me to be able to "determine whether they plausibly give rise to relief." *Iqbal*, 556 U.S. at 679. Without more, Plaintiff's promissory estoppel claim is only based on the consequences of a failed relationship, which is barred under the heart balm statute.

### C. Claim Three – Unjust Enrichment

The elements of unjust enrichment are: "1) a benefit conferred on the defendant by the plaintiff; 2) acceptance of the benefit by the defendant; and 3) circumstances which make it inequitable for the defendant to retain the benefit." *Cargill, Inc. v. Stafford*, 553 F.2d 1222, 1224 (10th Cir. 1977). Unjust enrichment is a form of contract, or quasi-contract, implied by law that does not rely upon a promise between parties. *Harris Group, Inc. v. Robinson,* 209 P.3d 1188, 1205 (Colo. App. 2009). Unjust enrichment is a form of restitution, designed to restore the plaintiff to her prior status. Restatement (First) of Restitution § 1 (1937).

Plaintiff has failed to allege sufficient facts to support her claim that Defendant accepted and retained any benefit from Plaintiff. She asserts in her Amended Complaint

that she conferred benefits on Defendant by making payments towards the remodel and the engagement ring, by entering into a relationship with Defendant and agreeing to marry him, and by foregoing her existing life to move to California.   Am. Compl., ¶ 45. Again, these allegations alone without more factual support are insufficient to state a claim for relief.   As noted above, there is no evidence to show that Defendant agreed to pay for the remodel or the engagement ring, and Plaintiff makes no convincing claim about the value or benefit associated with her decision to enter a relationship or to agree to marry Defendant.   There is no indication of when such benefits were conferred, the monetary value of such benefits that Defendant allegedly retained, or the circumstances that demonstrate that the benefits are being unjustly held by Defendant.   Without more, Plaintiff's unjust enrichment claim is only based on the consequences of a failed relationship, which is barred under the heart balm statute.

   Plaintiff also alleges that Defendant gave away her personal jewelry without permission, and that this supports her claim for unjust enrichment.   *Id.* at ¶ 47.   Without more, this allegation is also insufficient to state a claim for relief.   On this point, Plaintiff's counsel argues that he alleged more specific facts about the disappearance of Plaintiff's personal jewelry in the initial Complaint, but that after conversations with Defendant's counsel, Plaintiff's counsel removed some of the factual allegations that were contentious.   *See* Pl.'s Response, ECF No. 17, pp. 2-4; Declaration of Plaintiff's Counsel, ECF No. 17-1.   Plaintiff's counsel did so even though he was aware that "by excluding the complained-of details, there would be potential for Defendant to file a

Motion to Dismiss alleging that certain claims were not [pled] with sufficient particularity." *Id.* at 3. Plaintiff urges the Court to consider the initial Complaint and the facts alleged therein, in addition to those in the Amended Complaint. I decline to consider the initial Complaint because Plaintiff's counsel chose to file an Amended Complaint, and in this jurisdiction, "an amended complaint, filed pursuant to Federal Rules of Civil Procedure Rule 15(a), supersedes the complaint it modifies and renders the prior complaint of no legal effect." *Fullerton v. Maynard*, 943 F.2d 57 (10th Cir. 1991); see also *Jenner v. Bloor*, 2006 WL 3746693, at *3 (D. Colo. Dec. 15, 2006).

In the alternative, Plaintiff asks for leave to file a second amended complaint to add back in the portions she removed previously. Courts are instructed to "freely give leave when justice requires." *Id.* However, a court may deny leave to amend if the proposed amendment is unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party to leave to amend. See *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Further, if a Plaintiff knew or should have known of the facts upon which the proposed amendment is based, but failed to include them in the present complaint, leave to amend may be denied.

- 11 -

*Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990. I find that there is no legitimate reason to grant leave for the Plaintiff to file another complaint. Her counsel chose to remove certain portions of the original complaint when he filed the amended complaint. That was his decision alone, and was not the result of any inequitable factor that would favor leave to file another amended complaint at this point. As such, the Plaintiff's request for leave to amend its Complaint is denied.

### D.  Claim Four– Intentional Misrepresentation

The elements of a claim for intentional misrepresentation are 1) a misrepresentation; 2) of material facts; 3) that are false; 4) made with knowledge of the falsity or with indifference to its truth or falsity; 5) and the party claiming fraud relied on the representation; 6) had a right to rely on it; 7) acted in accordance with the reliance; and 8) suffered damages. *See Inst. for Prof'l Dev. v. Regis Coll.,* 536 F. Supp. 632, 633 (D.Colo. 1982). A claim for intentional misrepresentation is subject to the same heightened pleading standard as that for fraud. *See* Fed. R. Civ. P. 9(b); *see also U.S. ex rel Schwartz v. Coastal Healthcare Group, Inc.*, 2000 WL 1595976, at *3 (10th Cir. Oct. 26, 2000) (unpublished) (noting that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud.") This requires a plaintiff to plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." Schwartz, 2000 WL 1595976.

Plaintiff claims that the following statements allegedly made by Defendant were

misrepresentations: 1) that he would pay for the remodel; 2) that he was financially unable to pay for the remodel; 3) that he was faithful to Plaintiff; 4) that he would keep his promises to provide for Plaintiff's financial needs; 5) that he would pay for the engagement ring work; and 6) that he was financially unable to pay for the engagement ring work. Am. Compl., ¶ 51. These allegations are insufficient to meet the heightened pleading standard for fraud. As discussed above, Plaintiff's amended complaint suffers from a lack of specificity regarding the time, date, place, and circumstances surrounding any of her claims. Plaintiff argues in her Response that "it is true that no specific dates/times are included, but the timing of the misrepresentations can be inferred from the allegations in the Amended Complaint." Pl.'s Response, ECF No. 17, p. 13-14. This argument is unavailing since the pleading standard is clear, and she offers no alternative authority to support the idea that the court must infer the specificity of pleading that is required of a party who initiates a claim for relief. Plaintiff also argues that the times and dates of the misrepresentations "have no bearing on the content or context of the misrepresentations." I disagree. These are the exact details that are required to sufficiently plead an intentional or fraudulent misrepresentation claim. Accordingly, Plaintiff's claim fails for failure to meet the heightened pleading standard for fraud.

### E. Claim Five - Negligent Misrepresentation

Plaintiff asserts the same misrepresentations allegedly made by Defendant in support of her fifth claim for relief. In Colorado, "[t]he duty underlying the tort of negligent misrepresentation—to refrain from supplying false information to others for guidance in a

transaction involving a pecuniary interest—is recognized at common law." *A Good Time Rental, LLC v. First Am. Title Agency, Inc.*, 259 P.3d 534, 541 (Colo. App. 2011). The term "transaction" has been interpreted to mean "exactly what common understanding of the term implies: to state a claim of negligent misrepresentation, the misrepresentation must be given for the plaintiff's business or commercial purposes." *Allen v. Steele*, 252 P.3d 476, 484 (Colo. 2011). For example, in Colorado, the elements of negligent misrepresentation are: 1) in the course of one's business, profession or employment; 2) he makes a misrepresentation of a material fact, without reasonable care; 3) for the guidance of others in their business transactions; 4) with knowledge that his or her representations will be relied upon by the injured party; and 5) the injured party justifiably relied on the misrepresentation to his or her detriment. *Allen v. Steele,* 252 P.3d 476, 482 (Colo. 2011) (citation omitted). As discussed above, although Plaintiff briefly alleges that her claims are based on both her personal and business relationship with Defendant, there is no evidence that the parties shared anything but a personal, amorous relationship. Therefore, Plaintiff cannot demonstrate that Defendant breached any duty with respect to a business transaction to support a negligent misrepresentation claim. Without more, Plaintiff's negligent misrepresentation claim is only based on the consequences of a failed relationship, which is barred under the heart balm statute.

### F. Claim Six – Fraudulent Concealment

The elements of fraudulent concealment under Colorado state law are 1) the concealment of a material existing fact that in equity and good conscience should be

disclosed; 2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; 3) ignorance of that fact on the part of the one from whom the fact is concealed; 4) the intention that the concealment be acted upon; and 5) action on the concealment resulting in damages.  *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.,* 744 P.2d 1197, 1200 (Colo.1987).

In support of these elements, Plaintiff alleges that Defendant failed to disclose certain material facts to her, including 1) that he had the financial ability to pay for the remodel and the engagement ring work; 2) that he was unfaithful to Plaintiff; 3) that he contracted a bacterial infection; and 4) that he had given away Plaintiff's jewelry.  Am. Compl., ¶ 69.  In a conclusory manner, Plaintiff briefly addresses the remaining elements by stating that Defendant had a duty to disclose the information, that Plaintiff was ignorant of the information, that Defendant intended for Plaintiff to rely on his concealment, and that she was damaged by his concealment.  *Id.* at ¶¶ 69, 70, 73, 74.  These are insufficient allegations as pled to survive a motion to dismiss.  Again, Plaintiff's allegations are lacking any specificity regarding the time, date, place, and circumstances surrounding her allegations.  There is simply not enough factual information to state a plausible claim for relief.  This is the only one of Plaintiff's claims that alleges that Defendant transmitted a bacterial infection to Plaintiff; however Plaintiff fails to allege any specificity with regard to the infection, its date of contraction, diagnosis, or treatment plan, or how any of that is unquestionably linked to Defendant.  Plaintiff concedes in her Response that she does not know whether Defendant even knew about his alleged

infection at the time he supposedly transmitted it to Plaintiff.   See Pl.'s Response, ECF No. 17, p. 17.   As pled, Plaintiff's fraudulent concealment cause of action fails to state a plausible claim.

### G.   Claim Seven – Intentional Infliction of Emotional Distress

In Colorado, the tort of intentional infliction of emotional distress is defined by the same three elements as extreme and outrageous conduct: 1) the defendant engaged in extreme and outrageous conduct; 2) the defendant engaged in such conduct recklessly or with the intent of causing plaintiff severe emotional distress; and 3) the defendant's conduct caused plaintiff to suffer severe emotional distress.   *Coors Brewing Co. v. Floyd,* 978 P.2d 663, 666 (Colo.1999).   It is up to the trial court to determine the threshold issue of whether a plaintiff's allegations of outrageous conduct are sufficiently outrageous as a matter of law.   *Id.* at 665.   Liability under this cause of action is only found where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."   *Id.* at 666.   In determining whether a plaintiff has alleged behavior that is outrageous as a matter of law, the court must analyze the totality of the defendant's conduct.   *Green v. Qwest Servs. Corp.,* 155 P.3d 383, 385 (Colo. App. 2006).   Generally, liability for outrageous conduct exists when "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"   *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 963 (Colo. App. 2009), citing *Churchey v. Adolph Coors Co.,* 759 P.2d 1336, 1350 (Colo.

1988).

Plaintiff claims that Defendant engaged in extreme and outrageous conduct by 1) being unfaithful to her; 2) giving away her personal jewelry; 3) and convincing Plaintiff to uproot her life and move to California.  Am. Compl., ¶ 77.  She alleges that these actions were intended to cause and did cause her to suffer severe stress, anxiety, depression, heartache, grief, and other emotional distress.  *Id.* at ¶¶ 78-79.  She alleges, without any supporting facts or evidence, that these actions caused her to need long-term physical and psychological medical attention.  *Id.* at ¶ 79.  Again, Plaintiff's allegations are lacking any specificity regarding the time, date, place, and circumstances surrounding her allegations.  She has not raised facts sufficient to establish extreme and outrageous conduct on the part of Defendant.  She only alleges that the two initiated an amorous relationship together, to which she was receptive, and that Defendant allegedly engaged in secret relations with other women during their relationship.  There are no facts pled to support Plaintiff's claim that Defendant acted extremely or outrageously in connection with her missing jewelry.  As for the claims regarding Plaintiff's voluntary move to California, and Defendant's alleged secret relations with other women, Plaintiff alleges no other facts that would indicate outrageous, extreme, atrocious, or intolerable behavior on the part of Defendant.  Although Defendant's alleged infidelity may have caused Plaintiff pain, this is not a sufficient allegation to constitute intentional infliction of emotional distress.  *See Vincent v. Coates*, 2004 WL 1787838, at *5 (N.D. Tex. July 2, 2004).   Without more, Plaintiff's seventh claim for relief is only based on the

consequences of a failed relationship, which is barred under the heart balm statute.

### H. Claim Eight – Negligent Infliction of Emotional Distress

To establish a negligent infliction of emotional distress claim in Colorado, a plaintiff must show that the defendant's negligence created an unreasonable risk of physical harm and caused the plaintiff to be put in fear for her own safety, that this fear had physical consequences or resulted in a long-continued emotional disturbance, and that the plaintiff's fear was the cause of the damages sought. *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 496-97 (Colo. App. 2011); *Colwell v. Mentzer Investments, Inc.,* 973 P.2d 631, 638 (Colo. App. 1998). The plaintiff must also show that he or she either suffered physical injury or was in the "zone of danger." *Towns v. Anderson,* 579 P.2d 1163, 1165 (Colo. 1978). A direct effect on the plaintiff—being placed in danger and in fear for one's own safety—is necessary to a claim of negligent infliction of emotional distress. *Draper*, 282 P.3d at 497.

Plaintiff alleges that Defendant breached a duty of reasonable care by 1) being unfaithful to her; 2) giving away her personal jewelry; and 3) convincing her to uproot her life and move to California. Am. Compl., ¶ 83. She claims that Defendant's negligence "created an unreasonable risk of physical harm to [Plaintiff] and caused [her] to be put in fear about her physical well-being." *Id.* at ¶ 85. She alleges that her emotional distress "physically manifested itself in the form of . . . a bacterial infection, for which she underwent surgery." *Id.* at ¶ 86. Although this appears to contradict Plaintiff's earlier assertion that she contracted the bacterial infection from Defendant directly, the problem

- 18 -

with Plaintiff's claims remains the same:  she has failed to assert with any particularity facts that would allow the Court to make the initial determination about the reasonableness of her claim.  Additionally, claims of emotional distress, even those that include physical manifestations, including headaches, insomnia, crying spells, vomiting and diarrhea have been found to be insufficient for a negligent infliction of emotional distress claim.  *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120, 1127 (D. Colo. 1999), citing *Hernandez v. McDonald's Corp.,* 975 F. Supp. 1418, 1428 (D. Kan. 1997) and *Schweitzer–Reschke v. Avnet, Inc.,* 874 F. Supp. 1187, 1196 (D. Kan. 1995).  This is essentially what Plaintiff claims here, in addition to the claim that she had an infection that required surgery, which Plaintiff has asserted without any other factual support.  As pled, Plaintiff's eighth cause of action fails to state a plausible claim.

IV.     CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 16) is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff's request for leave file a second amended complaint is **DENIED**.

Dated: February 1, 2016.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE